United States District Court
Southern District of Texas
**ENTERED**
May 01, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD THOMAS DRAKOS, II, | § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. H-20-1505 |
| ED GONZALEZ, | § § § | |
| Respondent. | § § | |

**MEMORANDUM AND ORDER**

Harris County pretrial detainee Ronald Thomas Drakos, II, representing himself, filed a petition for a writ of habeas corpus. For the following reasons, Drakos's petition is dismissed.

**I.   Background**

Drakos seeks an order directing his release because, he argues, the possibility of contracting Covid-19 at the Harris County jail renders his confinement there unconstitutional.

**II.  Applicable Legal Standards**

Drakos brings this motion under 28 U.S.C. § 2254. Rule 4 of the Rules Governing Section 2254 Cases requires that a habeas corps petition be promptly referred to a judge. The rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

### III. Analysis

Drakos's petition complains about the conditions at the jail which, he claims, put him at risk of death from Covid-19. *See* Petition (Docket Entry No. 1) at 6. The federal habeas corpus statute allows this court to

> entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). A claim lies in habeas corpus if it challenges the fact or duration of the petitioner's confinement. *See*, *e.g.*, *Preiser v. Rodriguez,* 411 U.S. 485, 500 (1973).

Drakos does not challenge the fact or duration of his confinement. While he requests injunctive relief ordering his release, his attack is on the conditions of his confinement, not on the fact that he was ordered detained before trial. "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994)." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Therefore, the relief Drakos seeks is not available in habeas corpus.

### IV. Certificate Of Appealability

Drakos has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing ruling. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues

differently, or that the issues are suitable enough to deserve encouragement to proceed further."

*Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This court has carefully considered the petition and concludes that jurists of reason would not find it debatable that Drakos's claim is not cognizable in habeas corpus.  Therefore, Drakos has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

## V.    Conclusion And Order

For the foregoing reasons, Drakos's petition for a writ of habeas corpus (Docket Entry No. 1) is **dismissed with prejudice** under Rule 4 of the Rules Governing Section 2254 Cases and no certificate of appealability is issued.  Drakos's motion to proceed without prepaying fees (Docket Entry No. 2) is **denied**.  The court has forwarded Drakos' petition to the Harris County Public Defender for possible representation in a request for a bail hearing.

SIGNED on May 1, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge