United States District Court
Southern District of Texas
**ENTERED**
May 12, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD THOMAS DRAKOS, II, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-1505 |
| | § | |
| ED GONZALEZ, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Harris County pretrial detainee Ronald Thomas Drakos, II, representing himself, filed a petition for a writ of habeas corpus. On May 1, 2020, this court dismissed the petition. Drakos has sent a letter to the court stating that his petition was brought under 28 U.S.C. § 2241, but was mistakenly analyzed under 28 U.S.C. § 2254. The court construes this letter as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

**I.     Background**

Drakos seeks an order directing his release because, he argues, the possibility of contracting COVID-19 at the Harris County Jail makes his confinement there unconstitutional.

**II.    Applicable Legal Standards**

A motion to alter or amend under Fed. R. Civ. P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law." *Id.*

### III. Analysis

Although Drakos identifies an error in the statute under which his petition was analyzed, the outcome is unaffected. Drakos's petition complains about the conditions at the jail that, he claims, put him at a heightened risk of contracting COVID-19. *See* Petition (Docket Entry No. 1) at 6. The Supreme Court has held that a claim generally lies in habeas corpus if it challenges the fact or duration of the petitioner's confinement. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 485, 500 (1973). As this court noted in dismissing the petition, Drakos does not challenge the fact or duration of his confinement. While he requests an order for his prompt release, his attack is on the conditions of his confinement, not on the fact that he was ordered detained before trial. "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Even if habeas was the appropriate vehicle for Drakos to seek the relief of release, the outcome is unaffected. Drakos's concerns about his risk of contracting COVID-19 is an inadequate basis for this court to order the relief Drakos seeks. His concerns are applicable to every inmate. The court has taken steps to bring his concerns and his requested relief to the attention of the Harris County Public Defender, who can bring them to the authorized state judges for consideration and action.

### IV. Conclusion and Order

For the foregoing reasons, Drakos's motion to alter or amend the judgment, (Docket Entry No. 5), is **denied**. No certificate of appealability is issued.

SIGNED on May 11, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge